UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DETROY LIVINGSTON,
      Plaintiff,

PRISONERS CIVIL RIGHT COMPLAINT
PURSUANT TO 42 U.S.C. §1983.

V.

Docket No. 9:20CV-1565 (TJM/DJS)

JURY TRIAL DEMANDED.

ANTHONY J. ANNUCCI, CHRISTOPER
MILLER, H. ROBERTS, J. MOFFETT,
JOHN DOE, individually and in
their official capacities.
      Defendant.



U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
DEC 1 6 2020
AT_____ O'CLOCK_____
John M. Domurad, Clerk - Syracuse

---

    Plaintiff, Detroy Livingston in pro se makes this complaint against defendants Anthony J. Annucci, Christopher Miller, H. Roberts J. Moffett, and John Doe, in their individual and official capacities, hereby alleges as follows:

## PARTIES

1. Plaintiff, Detroy Livingston was in the custody of the New York State Department of Correctional and Community Services (hereafter DOCCS) and incarcerated at Great Meadow Correctional Facility at the time the acts about which Plaintiff now complain occurred, and is a member of the Rastafari religion.

2. Plaintiff attempted to exhaust all State remedies before he filed this 42 U.S.C. §1983 lawsuit, but non were available.

3. Upon information and belief defendant Anthony J. Annucci was employed by DOCCS as the acting commissioner at the time all the acts about which plaintiff now complains occurred.

4. Upon information and belief defendant Christopher Miller was empliyed by DOCCS as the superintendent of Great Meadow Correctional

1

Facility at the time of the acts about which Plaintiff now complain occurred.

5. Upon information and belief defendant H. Roberts was employed by DOCCS as a correction officer (hereafter c.o.) at Great Meadow Correctional Facility at the time of the acts about which Plaintiff now complain occurred.

6. Upon information and belief defendant J. Moffett was employed by DOCCS as a c.o. at Great Meadow Correction Facility at the time of the acts about which Plaintiff now complain occurred.

7. Upon information and belief defendant John Doe was employed by DOCCS as the Watch Commander at the time all the acts about which Plaintiff now complain occurred.

8. Each defendant is being sued individually and in his and her official capacity. At all times mentioned in this complaint each defendants acted under the color of state law.

## JURISDICTION

9. Jurisdiction is properly laid in this Court pursuant to 28 U.S.C. §1343 since the action arises under provisions of the First and Fourteenth Amendments of the U.S. Constitution, and under 42 U.S.C. §1983.

## VENUE

10. Venue is properly placed in the Northern District of New York because the acts giving rise to Plaintiff's current claims occurred in the Northern District of New York, specifically at the Great Meadow Correctional Facility in Comstock, New York.

## FACTS

11. On April 20, 2019, Plaintiff was in custody of DOCCS and incar-

cerated at Great Meadow Correctional Facility.

12. At approximately 2 o'clock p.m. on April 20. 2019 c.o. H. Roberts entered the room on the second floor of the school building, where Rastafari services was being held, and discontinued Plaintiff's religious practice.

13. On April 21, 2019, Plaintiff was given a misbehavior report written by Defendant H. Roberts and endorsed by three (3) other co's signatures, which stated that Rasta services was cancelled because the facilitator did not show up per the policy and procedure of Great Meadow Correction Facility and DOCCS regarding religious services. See, Exhibit (A).

14. On June 8, 2019, at approximately 12:30 p.m. Plaintiff showed defendant J. Moffett his call-out to attend Rasta services, and without any explanation this defendant told Plaintiff he was not going to his religious service. Plaintiff was not let out of the cell to attend Rastafari services. See, Exhibit (B).

15. On April 20, 2019, defendant John Doe authorized the cancellation of Plaintiff religious service due to DOCCS policies and procedures.

16. Defendant Anthony J. Annucci as the acting commissioner of DOCCS is the maker and custodian of all the policies and procedures that governs religious services in DOCCS.

17. Defendant Christopher Miller as the superintendent of Great Meadow Correction Facility is responsible for caring out the policies and procedures that governs religious services.

18. Each and all of the acts of defendants alleged in this action were done by defendants not as an individual, but under the color

and pretense of the statutes, regulations, policies, customs and usage of the State of New York, and under the authority of the office of the commissioner of DOCCS, superintendent of Great Meadow Correction Facility, and correction officers of Great Meadow Correction Facility of the State of New York.

## FIRST CAUSE OF ACTION
Denial of Religious Practice by defendant Anthony J. Annucci

19. Plaintiff hereby repeats and realleges each and every allegations contained in paragraphs 1-18 above as if the same were fully set forth herein.

20. Defendant Anthony J. Annucci is now and was the duly appointed, employed and acting commissioner of the DOCCS of the State of New York.

21. Defendant Annucci wrongfully maintained at all time relevant herein, policies, procedures, regulations and customs, which deprived Plaintiff his right to practice his Rasta religion.

22. Defendant Annucci wrongfully caused Plaintiff's religious services to be cancelled on April 20, 2019, because the inmate facilitator did not show up, which is a DOCCS policy and procedure.

23. Defendant Annucci wrongfully mauntained these policies and regulations that governed religious services, that if the inmate facilitator do not show up the religious services will be cancelled.

24. As a result, Plaintiff was denied his First and Fourteenth Amendment rights to practice Rasta fari religion by defendant Anthony J. Annucci.

25. The practice of the Rastafari religion requires Rastas attend their religious services.

26. Plaintiff has been prohibited from freely practicing his religion by prison policies and regulations maintained by defendant Annucci.

27. The prison polies and regulations operated to impede the access to religious services by severely limiting Plaintiff's participation.

## SECOND CAUSE OF ACTION
### Denial of Religious Practice by Defendant Christopher Miller

28. Plaintiff hereby repeats and realleges each and every allegations contained in paragraphs 1-27 above as if the same were fully set forth herein.

29. Defendant Christopher Miller is now and at all times material to this action was the duly appointed, employed superintendent of Great Meadow Correction Facility.

30. Defendant Miller wrongfully maintained at all time relevant herein, policies, procedures, regulations and customs, which deprived Plaintiff his right to practice his Rasta religion.

31. Defendant Miller wrongfully caused Plaintiff religious services to be cancelled on April 20, 2019, because he maintained policies and regulations that cancel religious services when the inmate facilitator do not show up.

32. Defendant Miller wrongfully maintained policies and regulations that governed religious services, which cancel religious services when the inmate facilitator do not show up.

33. As a result, Plaintiff was denied his First and Fourteenth Amendment rights to practice Rastafari religion by defendant Christopher Miller.

## THIRD CAUSE OF ACTION

Denial of Religious Practice by Defendant John Doe.

34. Plaintiff hereby repeats and realleges each and every allegations contained in paragraphs 1-33 above as if the same were fully set forth herein.

35. Defendant John Doe is now and at all times material to this action was the duly appointed, employed as the watch commander on April 20, 2019, at approximately 2 o'clock p.m., in Great Meadow Correction Facility.

36. Defendant John Doe wrongfully authorized the cancellation of Rasta services on April 20, 2019, per the policy and procedure of DOCCS regarding religious services.

37. The prison policies and regulations defendant John Doe relied on operated to impede the access to religious services by severely limiting Plaintiff's participation in Rasta service.

### FOURTH CAUSE OF ACTION
Denial of Religious Practice by Defendant H. Roberts.

38. Plaintiff hereby repeats and realleges each and every allegations contained in paragraphs 1-37 above as if the same were fully set forth herein.

39. Defendant H. Roberts on April 20, 2019, at approximately 2 o'clock p.m., in Great Meadow Correction Facility limited Plaintiff ability to practice his religion by actively cancelling Rasta service.

40. Defendant H. Roberts relied on the unconstitutional DOCCS policy and regulation to violate Plaintiff's First and Fourteenth Amendment rights to attend his religious services on April 20, 2019.

41. Defendant H. Roberts wrote a bogus misbehavior report in an attempt to justify denying Plaintiff's his right to attend Rasta service on April 20, 2019.

42. Defendant H. Roberts caused Plaintiff to be confined in solitary confinement for eight (8) days on occasions as punishment for efforting to freely practice his religion.

### FIFTH CAUSE OF ACTION
### Denial of Religious Serices by Defendant J. Moffett.

43. Plaintiff hereby repeats and realleges each and every allegations contained in paragraphs 1-42 above as if the same were fully set forth herein.

44. Defendant J. Moffett on June 8, 2019, at approximately 12:30 p.m., directly told Plaintiff that he will not put his cell location on the call-out list, so that he may attend Rasta services.

45. Because of defendant J. Moffett's action Plaintiff was not let out of the cell that he may attend Rastafari services on June 8, 2019.

46. Defendant J. Moffett violated Plaintiff's constitutional rights to practice his religion for no legitimate reason.

### REQUEST FOR RELIEF

WHEREFORE, plaintiff Detroy Livingston, pray this Court issue judgment in his favor for compensatory damages against each defendants in the amount of five hundred thousand dollars($500,000).

AND, granting plaintiff punitive damages against each defendant in the amount of one million dollars($1,000,000).

Totalling: Seven Million five hundred thousand dollars($7,500,000).

AND, for any other relief this Court may deem just, proper and equiable.

Detroy Livingston, pro se

# **VERIFICATION**

STATE OF NEW YORK          )
COUNTY OF **WASHINGTON**  ) SS.:

<u>Detroy Livingston</u>, being duly sworn, deposes and says that deponent is the petitioner in the above captioned proceeding, that he has read the foregoing petition and knows the contents thereof, that the same is true to deponent's own knowledge, except as to matters therein stated upon information and belief, which matters deponent believes to be true.

Respectfully submitted

_D. [signature]_
Detroy Livingston # 17t0985
**Great Meadow Correctional Facility**
**P.O. Box 51**
**Comstock, New York 12821**

Sworn to before me on this

18th, day of November 20 20

_Daniel R McClenning_
**Notary Public**

DANIEL R. McCLENNING
Notary Public, State of New York
Washington County #01MC6384442
Commission Expires Dec. 10, 20 22

8



EXHIBIT A

FORM 2171A (4/12)   STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
Side 2

**Great Meadow** Correctional Facility

## INMATE MISBEHAVIOR REPORT ♦ INFORME DE MAL COMPORTAMIENTO DEL RECLUSO

1. NAME OF INMATE (Last, First) ♦ NOMBRE DEL RECLUSO (Apellido, Nombre): **Livingston, Detroy**
NO. ♦ NUM.: **87T0985**
HOUSING LOCATION ♦ CELDA: **A-5-29**

2. LOCATION OF INCIDENT ♦ LUGAR DEL INCIDENTE: **School 2nd**
INCIDENT DATE ♦ FECHA: **4/20/2019**
INCIDENT TIME ♦ HORA: **approx 2:00pm**

3. RULE VIOLATION(S) ♦ VIOLACION/ES:
- 106.10- Direct Order
- 109.10- Out of Place
- 104.12- Demonstration

4. DESCRIPTION OF INCIDENT ♦ DESCRIPCION DEL INCIDENTE:

On the above date and approximate time Inmate Livingston, D 87T0985 was given several direct orders by staff to leave the Rastafarian services in the school due to the fact that there was no facilitator present. Inmate Livingston refused direction and did not comply, by remaining seated along with 24 other inmates. The area supervisor, and watch commander was notified that the Rastafarian facilitator did not show to Rasta services, the watch commander gave authorization to close the services per the policy and procedure of the religious services. If the facilitator does not show, the service is to be cancelled. After several minutes, Inmate Livingston eventually complied with staff direction, and exited the room with no further incident.

REPORT DATE ♦ FECHA: 4/20/2019
REPORTED BY ♦ NOMBRE DE LA PERSONA QUE HACE EL INFORME: H. Roberts
TITLE ♦ TITULO: C.O.

5. ENDORSEMENTS OF OTHER EMPLOYEE WITNESSES (if any) / ENDORSOS DE OTROS EMPLEADOS TESTIGOS (si hay)

NOTE: Fold back Page 2 on dotted line before completing below.

DATE AND TIME SERVED UPON INMATE / FECHA Y HORA DADO AL RECLUSO:
NAME AND TITLE OF SERVER / NOMBRE Y TITULO DEL QUE ENTREGA:

You are hereby advised that no statement made by you in response to the charges or information derived therefrom may be used against you in a criminal proceeding. ♦ Por este medio se le informa que no se puede usar ninguna declaracion hecha por usted como repuesta a cargo o la informacion derivada de ella en una demanda criminal.

## NOTICE ♦ AVISO
### (REVIEWING OFFICER (DETACH BELOW FOR VIOLATION HEARING ONLY)

You are hereby notified that the above report is a formal charge and will be considered and determined at a hearing to be held. ♦ Por este medio se le notifica que el informe anterior es un cargo formal el cual se considerara y determinara en una audiencia a celebrarse.

The inmate shall be permitted to call witnesses provided that so doing does not jeopardize institutional safety or correctional goals. ♦ Se le permitira al recluso llamar testigos con tal de que al hacerlo no pondra en peligro la seguridad de la institucion o los objectivos del Deparmento.

If restricted pending a hearing for this misbehavior report, you may write to the Deputy Superintendent for Security or his/her designee prior to the hearing to make a statement on the need for continued prehearing confinement. ♦ Si esta restringido pendiente a una audiencia por este informe del mal comportamiento puede escribirle al Diputado del Superintendente para Seguridad o su representante antes de la audiencia para que haga una declaracion acerca de la necesidad de continuar bajo confinamiento, previo a al audiencia.

Distribution: WHITE - Disciplinary Office   CANARY - Inmate (After review) ♦ Distribucion: BLANCA - Oficina Disciplinaria   AMARILLA - Recluso (despues de la resion)

# B

# EXHIBIT

## WITNESS AFFIDAVIT

STATE OF NEW YORK)
COUNTY OF WASHINGTON)ss.:

I, <u>Gabriel Gilmore</u>, being duly sworn, deposes and states that on June 8, 2019 while waiting on the A5-28 cell gate, c.o. Moffett told my next cell (A5=29) neighbor to remove his religious head gear when he was locked in the cell. When this same c.o. was taking the yard and call-out list, I observed and saw Detroy Livingston #87-T-0985 request to attend Rasta service, and this c.o. told him he is not going. This c.o. did not give any explanation. When call-out was announced on the loudspeaker to be ran Livingston was not let out of cell 29. In fact, he was not let out of the cell to go to chow, yard or use the telephone that entire weekend.

*Gabriel Gilmore* (signature)
Gabriel Gilmore #04-B-0387
Great Meadow Correction Facility
Box 51
Comstock, N.Y. 12821

Sworn to before me this
3rd day of July, 2019

*Daniel R McClenning* (signature)
Notary

DANIEL R. McCLENNING
Notary Public, State of New York
Washington County #01MC6384442
Commission Expires Dec. 10, 20__